IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| JAMARIO HODGES, JAMARCUS WALKER and LUCAS JACKSON | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 4:19cv110-SA-JMV |
| FASTENAL COMPANY and JUAN JAMES, JR. | DEFENDANTS |

## **COMPLAINT**

**COME NOW**, Plaintiffs JAMARIO HODGES, JAMARCUS WALKER, and LUCAS JACKSON by and through their attorneys, and files this Complaint against the Defendants, FASTENAL COMPANY and JUAN JAMES, JR., and in support of this suit, Plaintiffs would show the following facts:

## **PARTIES**

1.

Plaintiff, JAMARIO HODGES, is an adult resident citizen of Bolivar County, Mississippi, whose respective residential address is 1107 Cross Street, Cleveland, MS.

2.

Plaintiff, JAMARCUS WALKER is an adult resident citizen of Bolivar County, Mississippi, whose respective residential address is 201 Pulaski Street, Boyle, MS.

3.

Plaintiff, LUCAS JACKSON, is an adult resident citizen of Bolivar County, whose respective residential address is 557 Thomas Street, Boyle, MS.

4.

Defendant, FASTENAL COMPANY is a Minnesota corporation, whose principal place of business is located at 2001 Theurer Boulevard, Winona, MN 55987. FASTENAL COMPANY may be served with process of this Court by serving its Registered Agent, Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

5.

Defendant JUAN JAMES, JR. is an adult resident of the State of Georgia, whose residential address is 3 Mink Hollow Court, Unit B, Newnan, GA 30265, where he may be served with process of this Court.

## JURISDICTION AND VENUE

6.

This civil action arises out of the negligent acts and omissions of Defendants committed in the State of Mississippi against a resident of the State of Mississippi.

7.

This Court has *in personam* jurisdiction over Defendants pursuant to §13-3-57 of the Mississippi Code subject matter jurisdiction pursuant to Title 28 U.S.C. §1332 in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and is between citizens of different states.

8.

Venue is proper in the United States District for the Northern District of Mississippi, Greenville Division, pursuant to Title 28 U.S.C. §1391, in that the subject motor vehicle accident occurred within said district.

## FACTS

9.

On or about September 20, 2018, Plaintiff LUCAS JACKSON was traveling South on US 61 in Bolivar County, Mississippi. Plaintiffs JAMARIO HODGES and JAMARCUS WALKER were guest passengers in the vehicle driven by Lucas Jackson. At the same time, Defendant JUAN JAMES, JR. was traveling South on US 82 in Bolivar County, Mississippi when he made an improper right turn from the left lane and crashed into Plaintiffs' vehicle.

10.

While responsible for the management and control of his vehicle, Defendant JUAN JAMES, JR. was careless, negligent, grossly negligent, and reckless by crashing his vehicle into Plaintiffs' vehicle and caused their great physical pain and mental anguish.

11.

At the above mentioned time and place, Defendant JUAN JAMES, JR. was employed by or was the agent of FASTENAL COMPANY, which was the owner or lessee of the vehicle which collided in JAMARIO HODGES AND JAMARCUS WALKER's vehicle.

12.

At the above mentioned time and place, JUAN JAMES, JR. was the employee of or agent of FASTENAL COMPANY and was acting in the furtherance of the business of FASTENAL COMPANY and within the scope of his employment or agency.

13.

Defendant, FASTENAL COMPANY, is liable for the negligent, gross negligent and reckless acts of its employee or agent, JUAN JAMES, JR.

14.

At all times relevant, Plaintiffs did not contribute to the collision in any manner.

## NEGLIGENCE AND GROSS NEGLIGENCE OF JUAN JAMES, JR.

15.

Disregarding his duty as a motorist, JUAN JAMES, JR. was guilty of one or more of the following:

- a. Failure to operate said vehicle with due care and caution for the safety of Plaintiffs;

- b. Failure to properly control his vehicle;

- c. Failure to keep a proper look-out and be on the alert;

- d. Driving at an unreasonable rate of speed;

- e. Failure to keep a safe distance between his vehicle and Plaintiffsq vehicle;

- f. Negligently and carelessly creating a hazardous condition; and

- g. Other negligent acts or omissions of the defendant.

## NEGLIGENCE AND GROSS NEGLIGENCE OF FASTENAL COMPANY

16.

Defendant, FASTENAL COMPANY, before and at the time of the collision herein,

was guilty of intentional, willful, unlawful, reckless, and/or negligent acts and/or omissions which include but are not necessarily limited to the following:

a. Hiring and retaining JUAN JAMES, JR.;

b. Failing to properly train JUAN JAMES, JR.;

c. Failing to develop and maintain a fleet management program;

d. Violating state and federal laws and regulations as to the operation of commercial trucks;

e. Failing to develop, implement, and/or enforce reasonable and prudent safety policies for the protection and safety of the public;

f. Failing to adhere to and abide by federal and state laws and regulations in regard to the maximum number of driving hours and hours of work for drivers;

g. Failing to perform an adequate pre-employment background check before hiring JUAN JAMES, JR.;

h. Negligent entrustment of its commercial vehicle to JUAN JAMES, JR. ; and

i. Other acts of negligence.

## DAMAGES

17.

As a direct and proximate result of the negligent acts of Defendants, Plaintiffs suffered injuries and incurred substantial damages and will continue to suffer in the future the following injuries and damages including but not limited to the following:

a. Past and future doctor, hospital, drug and medical bills;

b. Mental and emotional distress;

c. Past and future physical pain and suffering;

d. Past and future wage loss; and

-6-

  e. Any other relief which the Court or jury deems just or appropriate based upon the circumstances.

## RELIEF DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand a judgment of and from Defendants, JUAN JAMES, JR. and FASTENAL COMPANY, as follows:

  a) Actual and compensatory damages;

  b) Pre-judgment and post-judgment interest, and all costs accrued in this action; and

  c) Any other relief which the Court or jury deems just and appropriate.

DATED: This the 29th day of July, 2019.

           RESPECTFULLY SUBMITTED,
          JAMARIO HODGES, JAMARCUS
          WALKER, and LUCAS JACKSON


       BY: /s/ THANDI WADE
          THANDI WADE


OF COUNSEL:

THANDI WADE, MSB #10464
TATUM & WADE, PLLC
P. O. BOX 22688
JACKSON, MS  39225-2688
(601) 948-7770
TWADE42@AOL.COM